United States District Court
Northern District of Illinois
Eastern Division

Andrew James Johnston,

Plaintiff,

v.

AT&T CORPORATION,
a New York corporation,

Defendant.

**RECEIVED**
SEP 04 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:18-cv-06060
Judge John J. Tharp, Jr
Magistrate Judge Maria Valdez

## Civil Complaint

Now Comes the Plaintiff, Andrew James Johnston, respectfully before the Court. Plaintiff commences this action by way of civil complaint against the defendant herein pursuant to 47 U.S.C. Section 222(c); Section 206; and Section 207; for Conversion under Illinois law of plaintiff's customer propriety network information ("CPNI") to federal and/or state law enforcement. In support thereof, plaintiff offers the following particulars as true and correct under the penalty of perjury to the best of plaintiff's knowledge:

1. Plaintiff observes standing under Article III to pursue damages and injunctive relief. Article III standing contains three elements: plaintiff must have suffered "an injury in fact" - an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" . . . Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the Court." . . . Third, it must be "likely" as opposed to merely "speculative," that the injury will be "redressed by a favorable decision". Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992)(internal citations omitted).

2. Injury in fact: Section 222(c) confers a legally protected property interest ("papers and effects") to plaintiff that is concrete and particularized to CPNI, and Section 222(c) prohibits defendant from accessing plaintiff's CPNI for reasons other than to provide telecommunications services. 47 U.S.C. Section 222(c); Section 207; Section 206. Plaintiff was/is the bailor, defendant was/is the bailee, in the bailment of plaintiff's CPNI. Defendant accessed, permitted access to, and/or disclosed plaintiff's CPNI for cell phone number (312) 259-9236 to either or both federal and state law enforcement actors from on or about April 29, 2017 through on or about August 1, 2017 for purposes beyond the scope of providing telecommunications services. As a result, said law enforcement actors either or both, individually and collectively, used plaintiff's CPNI to selectively profile plaintiff by plaintiff's criminal history to formulate allegations that have compromised ordered liberty, enjoyment of life, gainful employment, and has caused substantial humiliation and emotional distress forthwith.

3. More specifically, law enforcement used the CPNI converted from defendant to monitor plaintiff in the whole of plaintiff's physical movements, and upon plaintiff driving home from work/sitting in rush hour traffic about 2.7 miles west of an alleged attempted bank incident (as no robbery occurred), law enforcement used the CPNI to coordinate an illegal seizure of plaintiff's person, and subsequently a conversion of plaintiff/plaintiff's wife's vehicle (see, 17 cv 6183), and charged plaintiff with the alleged attempted bank incident as plaintiff was on U.S. Probation for bank robbery at that time. If not "but-for" defendant's conversion of plaintiff's CPNI to law enforcement, more than an extremely substantial likelihood exists that plaintiff would not have endured the above stated and foregoing injuries in fact. See Burrage v. United States, 134 S. Ct. 881, 888 (2014)(Scalia, J.)(explaining "but-for" causality). Thus, plaintiff asserts the causal connection to be strong, and that a favorable decision from this Court will more than likely provide adequate redress.

4. Furthermore, "[a] bailee normally owes a legal duty to keep the item safe, according to the terms of the parties' contract if

they have one, and according to the "implication[s] from their conduct if they don't [have a contract]." 8 C. J. S., Bailments Section 36, pp. 468-469 (2017). A bailee who uses the item in a different way than he's supposed to, or against the bailor's instructions is liable for conversion. Knight v. Seney, 290 Ill. 11, 17, 124 N. E. 813, 815-816 (1919). Accordingly, plaintiff respectfully seeks injunctive relief by way of a Court order to defendant compelling disclosure of a detailed compilation of plaintiff's CPNI: defendant accessed, permitted access to, and/or disclosed to law enforcement between the above stated dates; which law enforcement agencies; what authority the law enforcement agencies purportedly asserted, if any, for access; digital footprints left by the law enforcement's access; what frequency the access was given; what specific type of CPNI was accessed, and the basis for the requests for access.

Damages: Plaintiff respectfully seeks to hold defendant liable for compensatory, exemplary, and/or punitive damages in the amount of $13,000,000.00 FRN pursuant to the Fourth Amendment's protection of "papers and effects", prohibition of conversion under Illinois law, and plaintiff's right to sue to enforce the Telecommunications Act that "is presumed to entitle a successful plaintiff to the usual remedies, . . . which include damages as well as injunctive relief." Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 66-76 (1992). Plaintiff also seeks to recover a reasonable attorney's fee.

   Wherefore plaintiff seeks to prevail against defendant in this action for the above stated also foregoing reasons. Plaintiff thanks the Court for its time and consideration.

Respectfully Submitted,

Date: 08/25/2018   x_____

Andrew James Johnston
71 West Van Buren Street
Chicago, Illinois 60605

Proof of Service

I, Andrew James Johnston, hereby ask the Clerk to serve defendant and the Court pursuant to the limited resources and restrictions of my current unlawful detention.

Respectfully Submitted,

Date: 08/25/2018 x __Andrew Johnston__

Andrew James Johnston
71 West Van Buren Street
Chicago, Illinois 60605